**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TINA LAMPKIN,**

 **Plaintiff,**

**vs.**           **Case No. 4:25cv495-MW-MAF**

**DELTA AIR LINES, INC.,**

 **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and with in forma pauperis status, was directed to file a third amended complaint. ECF No. 9. That Order was entered after previously explaining the deficiencies of both Plaintiff's original complaint, ECF No. 1, the first amended complaint, ECF No. 5, and the second amended complaint, ECF No. 8. *See* ECF Nos. 4, 7, and 9. The most recent Order reminded Plaintiff to review it thoroughly "and comply with the guidance provided as the number of opportunities to submit a viable complaint are not unlimited." ECF No. 9. One issue in particular was whether Plaintiff filed an EEOC charge of discrimination as required and received the Notice of Right to Sue. *Id.* Plaintiff was advised

that if she had not received a "Notice of Right to Sue" from the EEOC, she "should voluntarily dismiss this case until such time as she could properly proceed." *Id.* Plaintiff's deadline to file the third amended complaint was March 19, 2026. *Id.*

As of this date , Plaintiff has neither filed a "third amended complaint" or a notice of voluntary dismissal. It, thus, appears that Plaintiff has abandoned this litigation, despite the warning that if Plaintiff failed to comply with the Order, a recommendation of dismissal would be entered. *Id.*

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015); *see also* Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore,

Case No. 4:25cv495-MW-MAF

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Here, Plaintiff was forewarned and did not respond to a Court Order. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:25cv495-MW-MAF